Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8863 | DATE | 06/19/2002 |
| CASE TITLE | Donato v. Brach & Brock | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (#4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on this order, the Court GRANTS the motion to dismiss. All pending dates and motions are terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 21 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 10 |
| ✓ | Mail AO 450 form. | SB docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | U.S. DISTRICT COURT CLERK 02 JUN 20 PM 2:49 | date mailed notice |
| jhc | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# ORDER

Antonio Donato ("Plaintiff") brings this action against Brach & Brock Confections, Inc. ("Defendant"), alleging a violation of the American with Disabilities Act ("ADA"). 42 U.S.C. §§ 12111 - 12117 (2002). Defendant moves to dismiss for failure to state a claim; specifically, Defendant argues Plaintiff's claims are barred by *res judicata*. For the following reasons, Defendant's motion to dismiss is GRANTED.

## Facts

Plaintiff filed a discrimination claim with the Illinois Department of Human Rights ("IDHR"), alleging he had been harassed and discharged by his employer Brach and Brock Confections, Inc. because of his sex, physical handicap and mental handicap. The IDHR reviewed and rejected these claims for lack of substantial evidence. Plaintiff appealed to the state's internal review agency, the Illinois Human Rights Commission ("IHRC"), which affirmed the IDHR's dismissal based on lack of substantial evidence. Plaintiff then appealed the IHRC's decision to the Illinois Appellate Court with respect only to his mental handicap. On June 27, 2000, the Illinois Appellate Court issued an order affirming the IHRC's dismissal of Plaintiff's claim. Finally, Plaintiff's petition to the Illinois Supreme Court for further review of the IHRC's dismissal was denied. Plaintiff now brings this claim in Federal Court alleging that Defendant unlawfully discharged Plaintiff in violation of Title I of the ADA.

## Standard of Review

A plaintiff fails to state a claim upon which relief may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Leahy v. Board of Trustees of Community College District No. 508*, 912 F.2d 917, 921 (7th Cir. 1990)(quoting *Conley v. Gibson*, 355 U.S. 42, 45-46 (1957)). "We assume well-pleaded allegations are true and shall draw all reasonable inferences in the light most favorable to the plaintiff." *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), "we must accept as true all the plaintiff's well-pleaded factual allegations and the inference reasonably drawn from them." *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Yeksignian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520 (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)).

When considering a Rule 12(b)(6) motion to dismiss, anything outside the four corners of the complaint must be excluded or else the motion is converted into one for summary judgment. However, the "court is permitted to take judicial notice of matters of public record without converting a 12(b)(6) into a motion for summary judgment." *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994).

## Analysis

Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982); 28 U.S.C. § 1738 (1994). Thus if Illinois law precludes Plaintiff's claim from being filed before this Court, then *res judicata* bars the federal claim. Under Illinois law, *res judicata* is applicable if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) the parties in the lawsuits are identical. *DeLuna v. Trester*, 185 Ill.2d 565, 572 (Ill. 1999).

Under Illinois law, Plaintiff's claim before this court is barred by *res* judicata. Plaintiff's disability claims against Defendant were dismissed by the IDHR, the IHRC and the Illinois Appellate Court and was denied review by the Illinois Supreme Court. The Illinois Appellate Court is a court of competent jurisdiction because state courts have concurrent jurisdiction over ADA claims. *Bagnola v. City of Chicago*, No. 96 C 6342, 1997 WL 106126 (N.D. Ill. Feb. 12, 1997). Furthermore, Plaintiff's cause of action in the state proceedings against Defendant is identical to his claim before this Court. Moreover, the investigation and consideration of the IDHR, IHRC and the Illinois Appellate Court provided Defendant a full and fair opportunity to litigate the claim before this Court. Accordingly, the Illinois Appellate Court's decision rejecting Plaintiff's disability claims are given full faith and credit by this Court; thus, *res judicata* bars the plaintiff's claim.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss based on *res judicata* is GRANTED.

[signature]